Nathan D. DeCorpo, Esq. (NDD-3981)
Law Office of Elliot S. Schlissel
479 Merrick Rd
Lynbrook, New York 11563
Telephone: 516-561-6645
Facsimile: 516-561-6716

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB

                                                                                           VERIFIED ANSWER AND
                                                                                           CROSS-COMPLAINT

                                  Plaintiff,
     -against-
                                                                                            **CIVIL ACTION NO.:**
                                                                                           CV11-2501

FRANCIS RABITO a/k/a FRANK RABITO, et al. ,

                                  Defendant.
-------------------------------------------------------------------X
SIRS:

     **PLEASE TAKE NOTICE**, that the defendant, FRANCIS RABITO, hereby appears in the above-entitled matter by the Law Office of Elliot S. Schlissel and demands all future pleadings be served on said law office at the address indicated below.

     **PLEASE TAKE FURTHER NOTICE**, that the defendant hereby submit, by his attorneys the following Answer.

     1.     Denies the allegations contained in paragraph "2", "5", "6", "8", "10", "18", and.

     2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs , "3", "4","7", "9", "11", "12", "13", "14", "15", "16", "17",

and "19".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. The plaintiff's have failed to give proper credit for the mortgage payments made by the defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. The loan between the defendant, FRANCIS RABITO, and the plaintiff is unconscionable.

6. The doctrine of unconscionability is meant to protect the commercially illiterate consumer beguiled into a grossly unfair bargain by a deceptive vendor or finance company.

7. A contract is unconscionable upon a showing of procedural and substantive unconscionability at the time of execution.

8. The first prong, the procedural unconscionability examines the contract formation process.

9. The second prong, the substantive unconscionability looks at the terms of the contract itself.

10. Where both prongs of unconscionability are met, the contract cannot be enforced and is voidable.

## PROCEDURAL UNCONSCIONABILITY

11. Some examples of procedural unconscionability are: high pressure commercial tactics, inequality of bargaining power, deceptive practices and language in the contract, and an imbalance in the understanding and acumen of the parties.

12. The subject loan is procedurally unconscionable as a result of the unequal bargaining powers, as well as the imbalance of the knowledge and understanding of the parties.

13. Upon information and belief, the defendant's loan application does not indicate her ability to repay this loan.

14. Upon information and belief, the plaintiff's sole consideration in creating this loan is the value of the defendant's home, suggesting that this contract was formed with predatory intent, as the plaintiff was interested only in the equity they might later obtain and not the defendant's ability to repay the loan.

15. The first prong of unconscionability has been met as during the formation of this loan, the defendant's options were limited. The plaintiff is a large lending institution with extensive knowledge of loans, mortgages and the extension of credit.

16. Upon information and belief, the plaintiff knew, or should have known, that this loan would end in default but turned a blind eye because of the equity they stood to gain from the defendant's home.

## SUBSTANTIVE UNCONSCIONABILITY

17. The contract is substantively unconscionable.

18. The contract terms of the mortgage and note or egregious and way heavily in favor of the plaintiff.

19. Upon information and belief, the subject mortgage and note create unfair payment terms as a result of the plaintiff's failure to verify the defendant's income.

20. Upon information and belief, the plaintiff chose to paid no heed to the crucial issue of the defendant's income and ability to repay the loan, and used only the equity is the defendant's home as the determining factor for loan approval. Such an act was self-serving and resulted in a substantially unconscionable contract.

21. The terms of the subject loan, ensuring inevitable default, make the subject loan substantively unconscionable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE/FIRST COUNTERCLAIM

22. Defendant repeats and realleges all prior claims made herein.

23. The plaintiff, in violation of New York General Business Law (GBL) §349, engaged in unfair and deceptive practices in its extension of the subject loan to the defendant. GLB §349 makes it unlawful to use "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service". See, GLB §349(a).

24. Plaintiff conducted a business and/or furnished a service in the extension of a mortgage loan to the defendant as those terms are defined in GBL §349.

25. Plaintiff's acts were misleading in a material way and have caused the defendant an injury as a result.

26. In the present case, the plaintiff engaged in a misleading act in the extension of the subject loan to the defendant. In particular, the plaintiff mislead the defendant into consummating this loan; a loan which the plaintiff knew, or should have known, the

defendant could not afford to repay.

27. The very act of extending this unaffordable loan to the defendant was misleading because the plaintiff was in a position to verify whether or not the defendant could afford the loan, and chose not to.

28. A reasonable consumer in the defendant's position would rely on the plaintiff's expertise as a large lending institution to determine whether the subject loan could reasonable by expected to be repaid.

29. At the time that the subject loan was extended to the defendant, the mortgaged home had a substantial amount of equity. This fact was known to the plaintiff and is a possible motivation in extending the subject loan despite the defendant's inability to repay the debt under the terms of the note.

30. Plaintiff's act was misleading because the plaintiff signed a Note whereby it agreed to the terms of the monthly mortgage payment when its intent was to inevitably seize the property when the defendant defaulted on the mortgage.

31. The defendant must show that they have had an injury to establish a violation of GBL §349. The defendant stands to lose her home. Losing one's home, or even the mere threat of losing one's residence, is an injury.

32. As a result of the plaintiff's deceptive acts, the defendant now faces the possibility of losing her home.

33. The defendant respectfully requests that the Court enjoin each and every act of the plaintiff, and/or any of its agents, that is: misleading, unfair, deceptive, or contrary to public policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. Without any admission as to the validity of the alleged mortgage and note, the defendant has tendered payment in accordance with the terms of the mortgage and note, but such has been rejected by the plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35. The plaintiff possesses unclean hands and therefor cannot seek equity from the Court.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

36. The plaintiff has failed to mitigate its damages and such has increased the potential liability for the defendant.

### AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

37. The plaintiff has undertaken a course of conduct that has exacerbated its damages, and as such, increased the potential liability of the defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38. The plaintiff, through its own course of conduct, created its own damages and therefore increased the potential liability of the defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39. Upon information and belief, the plaintiff has failed to give timely and proper notice to the defendant in accordance with the mortgage and note, and all applicable statutes, rules and regulations, and is therefore precluded from maintaining the within cause of action.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

40. The plaintiff as has failed to annex the notice documents to the complaint and therefore the complaint is a nullity and must be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

41. In the event that judgment is rendered for the plaintiff, and it cannot produce the original note at issue, the plaintiff should be precluded from seeking a deficiency judgment against the defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

42. The plaintiff, has by its conduct, waived the defendant's performance under the mortgage and note.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

43. In the event that the plaintiff assets its contractual right against the defendant based upon an assignment obtained from another individual or entity, the plaintiff fails to plead such assignment or produce the assignment documents and therefore lacks sufficient standing to maintain the within cause of action.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

44. The defendant hereby demands to the fullest extent required under the law that an arbitration, mediation and/or mortgage modification conference be convened at the earliest possible date so as to arrive at a loan modification agreement and subsequent dismissal/settlement of the within action.

**WHEREFORE,** defendant demand judgment dismissing plaintiff's Complaint in its entirety, costs and attorney's fees, and for such other and further relief as this court deems just and proper.

Dated:     Lynbrook, New York
           June 29, 2011

Yours, etc.,

LAW OFFICE OF ELLIOT S. SCHLISSEL
By: Nathan D. DeCorpo, Esq.
Attorney for Defendant, FRANCIS RABITO
479 Merrick Road
Lynbrook, New York  11563
(516) 561-6645

TO:   Kriss & Feuerstein LLP
      Attorneys for Plaintiff
      360 Lexington Ave - Suite 1200
      New York, NY 10017

## ATTORNEY VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NASSAU   )

The undersigned is an attorney admitted to practice in the Courts of New York; is the attorney of record for the defendants, FRANCIS RABITO, in the within action; has read the foregoing Verified Answer and Counterclaim and knows the contents thereof; the same is true to affirmant's own knowledge, except as to those matters said to be upon information and belief, and as to those matters, affirmant believes them to be true. This verification is made by affirmant because the defendant, FRANCIS RABITO, resides in a County outside of where the office I practice from.

The grounds of affirmant's belief as to matters not stated upon affirmant's own knowledge are as follows: discussions with the defendants, FRANCIS RABITO, and information in my file.

Dated: Lynbrook, New York
       June 28, 2011

_____
NATHAN D. DeCORPO, ESQ.

- 9 -

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

     I, PATRICIA FIORELLO, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside in Suffolk County, New York. On June 29, 2011, I served the within

**VERIFIED ANSWER AND CROSS COMPLAINT**

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Kriss & Feuerstein, LLP
360 Lexington Avenue - Suite 1200
New York, New York 10017

by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received.

                                                              *Patricia Fiorello*
                                                              PATRICIA FIORELLO

Sworn to before me this
29th of June, 2011

_____
Notary Public

NATHAN DAVID DECORPO ESQ
Notary Public - State of New York
No. 02DE6221038
Qualified in Queens County
Commission Expires May 24, 2014

CV11-2501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EASTERN SAVINGS BANK, FSB,

Plaintiff,

- against -

FRANCIS RABITO a/k/a FRANK RABITO, et al.,

Defendant.

---

## VERIFIED ANSWER AND CROSS-COMPLAINT

ELLIOT S. SCHLISSEL
Attorney for Defendant
Office and Post Office Address
479 Merrick Road
Lynbrook, New York  11563
(516) 561-6645

---

To:

---

Service of a copy of the within
Dated:
Attorney for Defendants

is hereby admitted.

---

Sir: - Please Take Notice

NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on , .
NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the HON. , one of the judges of the within named Court at
on the  day of , 200 at  M.

Dated:

Yours, etc.
ELLIOT S. SCHLISSEL
Attorney for Defendant
Office and Post Office Address
479 Merrick Road
Lynbrook, New York  11563
(516) 561-6645