
Jerold C. Feuerstein, Esq.
p: 212-661-2900
f: 212-661-9397
jfeuerstein@kandfllp.com

July 26, 2011

**<u>Via ECF and Regular Mail</u>**
Hon. Kiyo A. Matsumoto
U.S District Judge, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Eastern Savings Bank, FSB v. Francis Rabito a/k/a Frank Rabito, et al.
             Docket Number: 11-cv-2501-KAM

Dear Judge Matsumoto:

      This firm is counsel to Eastern Savings Bank, FSB ("Eastern"), the Plaintiff in the above referenced action. Please accept this letter as a request for a pre-motion conference in connection with Eastern's desire to file a motion for summary judgment pursuant to F.R.C.P. 56(a).

      This is an action to foreclose on a Mortgage (the "Mortgage") given as security for a Note ("Note") dated July 26, 2006, in the principal sum of $400,000.00 executed by Defendant, Francis Rabito ("Defendant") in favor of Eastern. (Exhibit "C" of the Complaint entered as Docket #1). The Mortgage encumbers property located at 394 Graham Avenue, Brooklyn, New York 11211 (the "Property"). Defendant defaulted under the Note and Mortgage by failing to make the Monthly Payments (as defined in the Note) on December 1, 2009 and all subsequent payments (the "Payment Default").

      On May 24, 2011, Eastern commenced this action by filing a Summons and Verified Complaint ("Complaint"). On or about June 30, 2011, Defendant interposed an Answer by its counsel inlcluding fifteen baseless Affirmative Defenses and one Counterclaim. In response, Plaintiff filed an Answer to Counterclaim setting forth numerous affirmative defenses.

      It is respectfully submitted that Defendant's conclusory allegations do not raise a question of fact, or a meritorious defense to this action that can survive a motion for summary judgment. Therefore, Plaintiff hereby seeks a pre-motion conference in connection with its request to file a motion for Summary Judgment pursuant to F.R.C.P. 56.

      As a First Affirmative Defense, Defendant alleges that Plaintiff failed to state a cause of action. This claim is baseless. As set forth in the Complaint and repeated above, Defendant executed a Note secured by the Mortgage and failed to make the Monthly Payments. As a result, not only has Plaintiff stated a claim, but also, Plaintiff established its prima facie case.

      As a Second Affirmative Defense, and repeated in the Fifth through Ninth Affirmative Defenses, Defendant alleges that Plaintiff failed to credit Defendant for mortgage payments and

this negligence exacerbated the damages.[1] Notably, Defendant does not specifically allege on what dates, and in what amount, payments were made. In contrast, Plaintiff's records, as set forth in the Complaint, clearly demonstrate that Defendant has not paid, nor attempted to pay, his Monthly Payments. (*See* Exhibit "E" of Complaint entered as Docket #1).

As a Third Affirmative Defense, Defendant alleges that a loan to an individual named Cheryl G. Grant was both procedurally and substantively unconscionable. Eastern has no knowledge of Ms. Grant or the loan made to Ms. Grant. In the present action the loan was executed for the benefit of Defendant, Francis Rabito, after Eastern exercised due diligence.

As a (second) Fifth Affirmative Defense and First Counterclaim, Defendant alleges that Plaintiff engaged in unfair and deceptive practices, pursuant to GBL § 349, in connection with the origination of the Loan to Defendant. Defendant's argument is preempted by federal law. Eastern is a federally charted savings bank governed by federal banking laws. (*See* "Applicable Law" in Para. 11 of Exhibit "E" of Complaint entered as Docket #1). Where federal law governs the subsequently enacted state law is preempted. U.S. CONST. art. VI. cl. 2; *see* Flagg v. Yonkers Sav. & Loan Ass'n, FA., 396 F.3d 178, 182 (2nd Cir. 2005) (finding that state laws governing mortgage payments were preempted by federal laws); Conder v. Home Sav. of Am., 680 F.Supp.2d 1168 (C.D. Cal.2010) (finding that the Office of Thrift Supervision "occupies the entire field of lending regulation for federal savings associations").

Even if GBL § 349 applies to Eastern, Plaintiff failed to sufficiently plead this claim. Plaintiff must prove: (1) the challenged act or practice was consumer-oriented; (2) it was misleading in a material way; and (3) the victim suffered injury as a result of the deceptive act. *See* Stutman v. Chem. Bank, 95 N.Y.2d 24, 29 (2000). Defendant alleges that the "act of extending" the loan was itself a misrepresentation. Eastern, as a lending institution, is in the business of extending loans. Eastern acted reasonably to disclose all material information to Defendant and to obtain Defendant's financial information. (*See* Defendant's loan application annexed hereto as **Exhibit "A"**). Therefore, Defendant fails to allege a cause of action. *See* Gale v. Int'l Bus. Mach. Corp., 781 N.Y.S.2d 45 (dismissing a deceptive business practices claim for failing to allege specific misrepresentations which caused the plaintiff to be misled and suffer damages as a result.)

Finally, GBL § 349 is not applicable here in a private contract that was not directed to other consumers. "Section 349 is limited to only those business-to-business transactions where the acts or practices have a broader impact that might potentially affect similarly situated consumers." Banc of Am. Commercial Fin. Corp. v. Issacharoff, 728 N.Y.S.2d 861, 867 (N.Y. Sup., 2000) (citing Cruz v. NYNEX Info. Res., 703 N.Y.S.2d 103 (1st Dept. 2000)) (finding that GBL applies to conduct affecting the consuming public at large not to a private contract unique to the parties); *see also* N.Y. Univ. v. Cont'l Ins. Co., 639 N.Y.S.2d 283 (N.Y. 1995) (rejecting a §349 claim despite allegations of similar bad faith practices nationwide). Defendant fails to show that Plaintiff's "misleading" origination practices are "of a reoccurring nature or directed to the public at large." *See* Choi v. Korea First Bank of N.Y., 664 N.Y.S.2d 437 (1 Dept., 1997) (finding that a GBL § 349 claim must prove alleged deceptive acts were of a recurring nature and harmful to the public at large).

---

[1] Due to what appears to be a typographical error in the Answer, Defendant fails to allege a Fourth Affirmative Defense and puts forth two Affirmative Defenses titled "Fifth Affirmative Defense".

As the Tenth and Eleventh Affirmative Defenses, Defendant alleges that Plaintiff failed to give proper notice or attach the notices to the Complaint. These allegations are blatantly false. Plaintiff sent a Ninety (90) Day Notice on December 7, 2010 and a Thirty (30) Day Notice on February 4, 2011. Both were annexed to the Complaint and properly served on the Defendant on June 7, 2011. (*See* Complaint entered as Docket #1 and notices annexed hereto as **Exhibit "B"**.)

As the Twelfth and Fourteenth Affirmative Defenses, Defendant alleges that Plaintiff cannot produce the original Note or assignment documents. These allegations are devoid of factual basis. Plaintiff is the originator of the Note and Mortgage and as such has possession of all original documents. Additionally, the Note and Mortgage have never been assigned.

As a Thirteenth Affirmative Defense, Defendant alleges that Plaintiff conduct waived Defendant's performance. This is a non-issue. The Note, as willingly and knowingly signed by Defendant, provides that,"[e]ven if, at the time when [Defendant is] in default, the Note Holder does not require [Defendant] to pay immediately in full as described above, the Note Holder will still have the right to do so if [Defendant is] in default at a later time." (*See* Para. 6(E) of Exhibit "C" of the Complaint entered as Docket #1).

As a Fifteenth Affirmative Defense, Defendant demands a settlement conference to modify the loan and dismiss the within action. Defendant has at no point prior or subsequent to the Answer has Defendant contacted Plaintiff's counsel to discuss settlement. Defendant last minute request for a conference is an unreasonably attempt to delay the within action.

"Summary judgment is appropriate when the Court determines that 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (construing F.R.C.P. 56). The elements of a New York mortgage foreclosure action are: (1) the existence of a debt, (2) which is secured by a mortgage, and (3) a default on that obligation. In re Victory Veal, Inc., 186 B.R. 22 (Bkrtc. E.D.N.Y., 1995). "Thus, where the foregoing elements of a mortgage foreclosure action are established, the mortgage holder has a 'presumptive right to collect which, can only be overcome by an affirmative showing from the defendant.'" Id., at 28 (citing United States v. Freidus, 769 F.Supp. 1266, 1277 (S.D.N.Y. 1991)).

Based on the foregoing, Eastern respectfully requests that the Court schedule a pre-motion conference in connection with its request to file a motion for summary judgment.

Respectfully submitted,

Jerold C. Feuerstein, Esq. (JF9829)

Cc: Elliot S. Schlissel, Esq.
*Attorney for Defendant*
Law Offices of Elliot S. Schlissel
479 Merrick Road, Lynbrook, NY 11563