```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

EASTERN SAVINGS BANK, FSB,                    MEMORANDUM AND ORDER

                 Plaintiff,                   11-cv-2501 (KAM)

        -against-

FRANCIS RABITO, NEW YORK CITY PARKING
VIOLATIONS BUREAU, and JOHN DOES #1-
12,

                 Defendants.


------------------------------------------x
```
**MATSUMOTO, United States District Judge:**

       Plaintiff Eastern Savings Bank, FSB, seeks to foreclose on a $400,000 mortgage secured by a residential property located at 394 Graham Avenue in Brooklyn, New York. Plaintiff names as defendants (1) Francis Rabito, the mortgagor; (2) the New York Parking Violations Bureau, a necessary party defendant by virtue of an unpaid Parking Violations Bureau lien in the amount of $150.00; and (3) John Doe Defendants #1-12, who are tenants at the relevant property. This court has subject-matter jurisdiction in this action pursuant to 28 U.S.C. § 1332.

       Pending before the court are plaintiff's (1) motion to strike defendant Rabito's answer and counterclaim; (2) motion to amend the caption to replace John Does #1-4 with the names of individuals whom plaintiff served at the subject property, and

1

to dismiss John Does #5-12; and (3) motion for summary judgment on plaintiff's claim for foreclosure.

For the reasons set forth below, the court: (1) grants plaintiff's motion to strike defendant Rabito's defenses and counterclaim; (2) grants plaintiff's motion to amend the caption to replace John Does #1-4 with the names of individuals whom plaintiffs served, and to dismiss John Does #5-12; and (3) grants plaintiff's motion for summary judgment against defendants.

## **BACKGROUND**

The following facts are undisputed and viewed in the light most favorable to defendant Rabito.[1]  The real property at

---

[1] Local Civil Rule 56.1(a) mandates that "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Under Local Civil Rule 56.1(b), "[t]he papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party."  Although plaintiff complied with the requirements of Local Civil Rule 56.1(a), defendant Rabito failed to comply with Local Civil Rule 56.1(b) and instead submitted an "affirmation in opposition" that addresses only paragraphs 2-5 of Plaintiff's 56.1 Statement.  (*See* ECF No. 21, Rabito Affirmation in Opposition ("Rabito Aff.").)  Accordingly, in the court's broad discretion and based on a review of the undisputed admissible evidence presented by plaintiff in support of its motion, the court finds all facts in paragraphs 1, 6-25 of Plaintiff's Rule 56.1 Statement to be established and undisputed, as it is entitled to do pursuant to Local Rule 56.1(c).  *See* Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *see also Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (deeming admitted all material facts contained in an unopposed Rule 56.1 statement); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.")

issue in this case is located at 394 Graham Avenue in Brooklyn, New York ("the Property"). (ECF No. 22-1, Plaintiff's Statement of Undisputed Material Facts ("Pl.'s 56.1") ¶ 1.[2])

On July 26, 2006, defendant Francis Rabito executed a note (the "Note"), promising to pay Eastern Savings Bank, FSB ("Eastern") the principal sum of $400,000.[3] (*Id.* ¶ 2.) On the same date, Rabito executed and delivered to Eastern an assignment of rents and mortgage (collectively, the "Mortgage") on the Property as security for the loan. (*Id.* ¶ 3.) The Mortgage, which encumbers the Property, was recorded in the Office of the Register of the City of New York, County of Kings, on August 29, 2006.[4] (*Id.*) Eastern has, at all times, held the Note and Mortgage. (*Id.* ¶ 4.) On July 31, 2006, at the closing of the loan, after all other expenses were paid, Rabito received a check in the amount of $277,478.50 from Eastern.[5] (*Id.* ¶ 9.)

Although the Note required Rabito to make monthly payments of principal and interest by the first day of each month, Rabito failed to make the payment due on December 1, 2009.[6] (*Id.* ¶¶ 5-6.) In addition, Rabito has not made any

---

[2] References to paragraphs of Plaintiff's Rule 56.1 statement include materials cited therein and annexed thereto.
[3] A copy of the executed Note was attached to Plaintiff's 56.1 Statement. (*See* Pl.'s 56.1 Ex. A-3.)
[4] A copy of the executed Mortgage and recording instrument was attached to Plaintiff's 56.1 Statement. (*See* Pl.'s 56.1 Ex. A-4.)
[5] A copy of the check, dated July 31, 2006, was attached to plaintiff's motion for as Exhibit G. (*See* ECF No. 22-10, Plaintiff's Exhibit G.)
[6] Although Plaintiff's 56.1 Statement indicates that Rabito defaulted on December 1, 2010 (*see* Pl.'s 56.1 ¶ 6), the Complaint and Affidavit of Terry

3

payments toward the amounts due under the Note since that time. (*Id.* ¶ 6; ECF No. 22, Affidavit of Terry Brown ("Brown Aff.") at ¶ 20.)

On December 7, 2010, in accordance with New York State Real Property Actions and Proceedings Law (RPAPL) Section 1304(1),[7] Eastern sent, by regular and certified mail, a ninety-day notice advising Rabito that Eastern would accelerate the loan if Rabito did not cure his default.[8] (Pl.'s 56.1 ¶ 7.) In addition, on February 4, 2011, pursuant to Paragraph 6(c) of the Note and Paragraph 22 of the Mortgage, Eastern sent by regular and certified mail a letter advising Rabito that the loan would be accelerated if Rabito did not cure the default by March 11, 2011.[9] (*Id.*) Because Rabito failed to cure his default by March 11, 2011, Eastern accelerated the loan. (*Id.* ¶ 8.)

On May 24, 2011, plaintiff filed the instant foreclosure action. (*See* ECF No. 1, Complaint ("Compl.").) In addition to Rabito, plaintiff named as defendants (1) the New York City Parking Violations Bureau, a "necessary party

---

Brown consistently indicate that Rabito defaulted on December 1, 2009 (*see* Complaint ¶ 15; ECF No. 22, Affidavit of Terry Brown ("Brown Aff.") ¶¶ 20, 29). Therefore, the court deems the reference to "December 1, 2010" in Plaintiff's 56.1 Statement to be a typographical error and accepts December 1, 2009, as the default date.

[7] Pursuant to RPAPL § 1304(1), lenders are required to give notice to the borrower of a home loan at least ninety days before commencing a legal action against the borrower. The notice must contain certain language set forth in the statute. *See* RPAPL § 1304(1).

[8] A copy of the ninety-day notice was attached to Plaintiff's 56.1 Statement. (*See* Pl.'s 56.1 Ex. A-5.)

[9] A copy of this notice was attached to Plaintiff's 56.1 Statement. (*See* Pl.'s 56.1 Ex. A-5.)

defendant . . . by virtue of an unpaid Parking Violation Bureau Lien in the amount of $150.00"; and (2) John Doe Defendants 1-12, who are parties "presently unknown to Eastern, holding or claiming to hold certain leaseholds, tenancies" or other interests in the Property. (Compl. ¶¶ 4-5.) Plaintiff alleged in its complaint that as of May 18, 2011, the unpaid principal amount due under the Note, all accrued and unpaid interest, protective advances, and late charges amounted to $465,989.55. (Compl. ¶ 19(a).)

Plaintiff served the New York City Parking Violations Bureau on May 31, 2011 (*see* ECF No. 5, Executed Summons), but the New York City Parking Violations Bureau did not file an answer, and the Clerk of the Court entered default against the New York City Parking Violations Bureau on July 19, 2012 (*see* Docket Entry dated 7/19/2012). In addition, (1) on June 2, 2011, plaintiff served an individual named Connor, who refused to provide his last name and who resides in Apartment 1 of the Property; and (2) on May 28, 2011, plaintiff served (a) Sara Chester at Apartment 2 of the Property, and (b) Thomas Martin and Brian Robin at Apartment 3 of the Property (collectively, "Tenant Defendants"). (*See* ECF No. 6, Executed Summons.) None of the Tenant Defendants have appeared or filed an answer in the instant action. Plaintiff now moves to amend the caption to substitute Connor Doe in place of John Doe #1, Sara Chester in

place of John Doe #2, Thomas Martin in place of John Doe #3, and Brian Robin in place of John Doe #4.  (ECF No. 22, Notice of Motion at 2.)  In addition, plaintiff moves to dismiss defendants John Doe #5 through John Doe #12.  (*Id.*)

Plaintiff served Rabito on June 7, 2011, and Rabito filed his answer, which included fifteen defenses and a counterclaim against Eastern, on July 12, 2011.  (*See* ECF No. 8, Rabito's Answer and Counterclaim ("Rabito Ans. and Countercl.").)  In his counterclaim, Rabito alleges that by extending to Rabito the home loan underlying the Note, plaintiff engaged in unfair and deceptive practices in violation of New York General Business Law § 349.  (*Id.* ¶ 23.)  Specifically, Rabito alleges that (1) plaintiff extended the loan despite constructive or actual knowledge that Rabito could not afford the loan, and (2) a "reasonable consumer in the defendant's position would rely on the plaintiff's expertise as a large lending institution to determine whether the subject loan could reasonable [sic] be expected to be repaid."  (*Id.* ¶¶ 24-33.)

Plaintiff moves to strike Rabito's answer and counterclaim on grounds that neither "raise[s] a question of fact precluding Summary Judgment."  (ECF No. 22, Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment ("Pl.'s Mem.") at 3.)  Plaintiff also moves for summary judgment.  (*Id.*)

**DISCUSSION**

I.  **Motion to Strike Answer and Counterclaim**

Plaintiff moves to strike Rabito's answer and counterclaim because "none of these claims . . . have legal merit." (Pl.'s Mem. at 5.) The Second Circuit has held that:

> Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense – on which the defendant bears the burden of proof at trial – a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support an essential element of the non-moving party's case. While whatever evidence *there is* to support an essential element of an affirmative defense will be construed in a light most favorable to the non-moving defendant, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim.

*Fed. Deposit Ins. Corp. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (internal citations and quotation marks omitted).

Here, Rabito presents no evidence to support his fifteen defenses, one of which he also styles as a counterclaim.[10] Although Rabito submits an "affirmation in

---

[10] The fifteen defenses Rabito asserts include: (1) failure to state a cause of action; (2) failure to credit Rabito's mortgage payments; (3) procedural and substantive unconscionability; (4) unfair and deceptive business practices in violation of General Business Law § 349; (5) rejection of payments Rabito tendered; (6) unclean hands; (7) failure to mitigate damages; (8) exacerbation of damages; (9) creation of damages; (10) failure to give "timely and proper notice to defendant in accordance with the mortgage and note, and all applicable statutes, rules and regulations"; (11) failure to attach notice documents to the complaint, which allegedly renders the complaint a "nullity" that "must be dismissed"; (12) failure to produce

7

opposition . . . by and through his attorneys" in opposition to plaintiff's summary judgment motion, the statements made therein do not constitute admissible evidence because the affirmation is not sworn, nor does the affirmation purport to set forth facts based on personal knowledge. *See* Fed. R. Civ. P. 56(c) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

"[O]ne who relies upon an affirmative defense to defeat an otherwise meritorious motion for summary judgment must adduce evidence which, viewed in the light most favorable to and drawing all reasonable inferences in favor of the non-moving party, would permit judgment for the non-moving party on the basis of that defense." *Frankel v. ICD Holdings S.A.*, 930 F. Supp. 54, 65 (S.D.N.Y. 1996). Assuming that Rabito intended to assert affirmative defenses as specified in Fed. R. Civ. P. 8(c), because Rabito fails to present any evidence to support his affirmative defenses and counterclaim, the court grants plaintiff's motion to strike Rabito's affirmative defenses and counterclaim. *See Fed. Deposit Ins. Corp.*, 34 F.3d at 55 (finding no error in striking affirmative defense where

---

the original note at issue; (13) waiver; (14) failure to plead assignment or produce assignment documents; and (15) a demand for "arbitration, mediation and/or mortgage modification." (Rabito Answer and Countercl. ¶¶ 3-44.)

evidence, viewed in light most favorable to non-movant, "reveal[ed] the absence of evidence supporting an essential element of the defense").

## II. Motion to Amend Caption

Plaintiff moves to amend the caption of the complaint to replace John Does #1-4 with Connor "Doe," Sara Chester, Thomas Martin, and Brian Robin, in order to reflect the true identities of the Tenant Defendants. It appears that plaintiff has served each Tenant Defendant, and they appear to be tenants at the Property, and thus are necessary parties to this foreclosure action. *See 1426 46 St., LLC v. Klein*, 876 N.Y.S.2d 425, 427 (N.Y. App. Div. 2d Dep't 2009) ("[T]enants are necessary parties to a foreclosure action").

Plaintiff also moves to discontinue this action against John Does #5-12 because plaintiff believes no other tenants reside at the Property. (Pl.'s 56.1 ¶ 20.) The court grants plaintiff's motion to amend the caption to reflect the identities of John Does #1-4 and the discontinuance of the action against John Does #5-12. *See Christiana Bank & Trust Co. v. Dalton*, No. 06–CV–3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (granting motion to amend caption to replace John Doe defendants with named defendants believed to be tenants at mortgaged property).

**III. Motion for Summary Judgment**

**A. Summary Judgment Standard**

Summary judgment is appropriate where "there is no genuine issue as to any material fact." *Miner v. Clinton Cnty.*, 541 F.3d 464, 471 (2d Cir. 2008) (quoting Fed. R. Civ. P. 56(a)). "A fact is material when it might affect the outcome of the suit under governing law." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007).

Thus, the court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When ruling on a summary judgment motion, the district court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775 780 (2d Cir. 2003).

In a motion for summary judgment, the moving party carries the initial burden of demonstrating an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party then "must come forward with specific facts showing that there is a genuine issue for trial." *Caldarola v. Calabrese*, 298 F.3d 156,

160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted)). "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998); *see Brierly v. Deer Park Union Free Sch. Dist.*, 359 F. Supp. 2d 275, 294 (E.D.N.Y. 2005) (noting a non-movant's "recital of conclusory allegations unsupported by specific facts is . . . insufficient to withstand a motion for summary judgment"). Rather, to defeat a summary judgment motion, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

### B. Foreclosure of the Property

"Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the note and mortgage are produced to the Court along with proof that the mortgagor has failed to make payments due under the note." *Builders Bank v. Warburton River View Condo LLC*, No. 9-CV-5484, 2011 WL 6370064, at *2 (S.D.N.Y. Dec. 20, 2011) (citing *Regency Savs. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001)); *FGH Realty Credit Corp. v. VRD Realty*

*Corp.*, 647 N.Y.S. 2d 229, 230 (N.Y. App. Div. 2d Dep't 1996) (same).

Here, plaintiff has provided the court with the Note and Mortgage. It is undisputed that the Rabito is bound by the obligations arising under those documents. (Rabito Aff. ¶ 2.) In addition, plaintiff has established that Rabito defaulted on his loan obligations by submitting a sworn affidavit of Terry Brown, a Senior Asset Manager at Eastern, wherein Brown states upon personal knowledge that "Rabito failed to make the payment due on December 1, 2009 and all subsequent payments." (Brown Aff. ¶ 20.) Plaintiff has therefore established its *prima facie* case for foreclosure.

"Once plaintiff has established its *prima facie* case by presenting the note, mortgage, and proof of default, the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor." *Builders Bank*, 2011 WL 6370064, at *2 (citing *Regency Savs. Bank*, 139 F. Supp. 2d at 465-66); *see United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991) ("[W]here the mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect, which can only be overcome by an affirmative showing from the defendant."); *see also State Bank of Albany v. Fioravanti*, 435 N.Y.S.2d 947, 951 (1980) ("[T]o defend against a

summary judgment motion in a foreclosure action it is incumbent upon the real property owner . . . to produce 'evidentiary proof in admissible form . . . sufficient to require a trial (of that defense) . . . . mere conclusions, expressions of hope, unsubstantiated allegations or assertions are insufficient.'")

Rabito denies the alleged default in his answer and in his opposition to plaintiff's motion, claiming that he made regular monthly payments as required by the Note, but such payments were not credited to his account. (Rabito Answer and Countercl. ¶ 4, 34; Rabito Aff. ¶¶ 3-4, 6.) As discussed *supra*, however, Rabito has not submitted any evidence in support of his denial of default and asserted payments. Instead, Rabito contends that he is unable to set forth evidence to support his denial of default because "plaintiff has refused to furnish the defendant with a statement showing all of the payments received and credited to his account which may have cured any potential default." (*Id.* ¶¶ 3-4, 6.) Consequently, Rabito argues, the court should deny plaintiff's motion for summary judgment as premature because "[a]t this early stage in the litigation defendant [Rabito] has not had an opportunity to conduct discovery to ascertain the veracity of plaintiff's allegation." (*Id.* ¶ 6.)

Specifically, Rabito points out that Eastern requested a pre-motion conference regarding its intended motion for

summary judgment "just weeks after Mr. Rabito interposed his answer in the instant case, when he had only just retained counsel, and while the settlement conference process required by C.P.L.R. 3408[11] had not yet occurred." (*Id*. ¶ 7.) As a result, Rabito notes, the parties have never established discovery deadlines or taken any depositions. (*Id*.)

Rabito's argument is governed by Federal Rule of Civil Procedure 56(d), which states, in relevant part:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "In opposing a summary judgment motion on the ground that there was an insufficient opportunity to conduct discovery, a litigant is required to submit an affidavit that includes: '[(1)] the nature of the uncompleted discovery; [(2)] how the facts sought are reasonably expected to create a genuine issue of material fact; [(3)] what efforts the affiant has made to obtain those facts; and [(4)] why those efforts were unsuccessful." *Hoffmann v. Airquip Heating & Air Conditioning*, No. 11-cv-790, 2012 WL 1674294, at *1 (2d Cir. May 15, 2012)

---

[11] Pursuant to N.Y. Civil Practice Law and Rules § 3408, "In any residential foreclosure action involving a home loan . . . in which the defendant is a resident of the property subject to foreclosure, the court shall hold a mandatory conference within sixty days after the date when proof of service is filed with the county clerk . . . ." N.Y. C.P.L.R. § 3408.

(quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).  Consequently, "[a] bare assertion that evidence to support a fanciful allegation lies within the exclusive control of defendants, and can be obtained only through discovery, is not sufficient to defeat a motion for summary judgment." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 251 (2d Cir. 1985).

Although Rabito avers in his affirmation in opposition that plaintiff has refused to provide records regarding Rabito's overdue monthly payments, Rabito does not specify "what efforts [Rabito] has made to obtain those facts" or "why those efforts were unsuccessful."  Moreover, Rabito fails to indicate that the information he seeks "lies within the exclusive control of defendants," and "can be obtained only through discovery."  In sum, although Rabito contends that there is an issue of fact with respect to whether he made the required monthly payments, he has not submitted any evidence to support that claim or explain why his own records of payments could not have been submitted in opposition to plaintiff's motion.

The court notes that Rabito should have access to certain documents – such as his cancelled checks and bank statements – to reflect the payments that he purportedly made to satisfy his monthly payment obligations, but he does not provide any such evidence or explain why he is unable to do so.  *See*

*Resolution Trust Corp. v. 53 West 72nd Street Realty Assocs.*, No. 91 Civ. 3299, 1992 WL 183741, at *2 (S.D.N.Y. July 22, 1992) (finding mortgagors failed to contradict plaintiffs' evidence of default in foreclosure action where mortgagors "provide[d] no evidence to refute plaintiffs' claim . . . even though documents which would readily demonstrate payments - cancelled checks and bank statements - would normally be in their possession had such payments occurred"). Accordingly, the court finds that Rabito has failed to meet the "heavy burden faced by a party opposing summary judgment on the grounds that additional discovery is required." *Sec. Pac. Mortg. and Real Estate Servs., Inc. v. Canadian Land Co. of Am.*, N.V., 690 F. Supp. 1214, 1225 (S.D.N.Y. 1988).

Furthermore, because "plaintiff has proven the obligation and the default, defendant must demonstrate a bona fide defense in order to withstand plaintiff's motion for a judgment of foreclosure." *Resolution Trust Corp. v. J.I. Sopher & Co.*, No. 94 Civ. 7189, 1995 WL 489697, at *2 (S.D.N.Y. Aug. 15, 1995). As discussed *supra*, however, the court has stricken Rabito's defenses, including the defense styled as a counterclaim, because Rabito has submitted no evidence to support his asserted defenses. Accordingly, because the court finds that Rabito has not raised any genuine issue of material fact or legal defense to defend against plaintiff's motion for

16

summary judgment, the court grants summary judgment to plaintiff and orders foreclosure and sale of the Property.

### C. Amounts Due Under the Note and Mortgage

In addition to a judgment of foreclosure and sale, plaintiff seeks to recover the unpaid principal amount due under the Note, and all accrued and unpaid interest, protective advances and late charges which, as of May 18, 2011, amount to $465,989.55. (Compl. ¶ 19(a); Brown Aff. ¶ 22) In addition, plaintiff seeks attorneys' fees and costs. (Compl. ¶ 19(b).)

Upon a finding of liability, the court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (quoting *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "[T]he court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Upon review of the documents plaintiff submitted in support of its motion for summary judgment, the court finds that plaintiff has provided insufficient information to support plaintiff's request for other amounts due under the Note and Mortgage. In addition, the court finds an inadequate factual basis for an award of attorneys' fees and costs because

17

plaintiff submitted no contemporaneous time records or declarations regarding costs incurred during the course of this litigation. Accordingly, plaintiff shall submit additional affidavits, documents, and calculations to demonstrate the accuracy of its proposed damages by August 31, 2012. Any defendant who wishes to oppose the plaintiff's calculations must do so by September 7, 2012.

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

**CONCLUSION**

For the foregoing reasons, the court (1) grants plaintiff's motion to strike defendant Rabito's defenses and counterclaim; (2) grants plaintiff's motion to amend the caption to replace John Does #1-4 with the names of individuals whom plaintiff served, and to dismiss John Does #5-12; and (3) grants plaintiff's motion for summary judgment against Rabito.  In addition, by August 31, 2012, plaintiff shall submit:
(1) supporting documentation and calculations to enable the court to assess the amount due and outstanding under the Note and Mortgage; (2) additional affidavits, documents, and calculations to support plaintiff's award of attorneys' fees; and (3) a proposed Order Appointing a Receiver.  Any defendant who wishes to oppose the plaintiff's calculations must do so by September 7, 2012.
SO ORDERED.


Dated:     Brooklyn, New York
           August 16, 2012


                                   _____/s/_____
                                   **KIYO A. MATSUMOTO**
                                   United States District Judge
                                   Eastern District of New York