UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EASTERN SAVINGS BANK, FSB,　　　　　　　　　Civil Action No. CV-11-2501

　　　　　　　　　　　Plaintiff,　　　　　　　(KAM)

　　　- against -

FRANCIS RABITO, NEW YORK CITY　　　**JUDGMENT OF FORECLOSURE**
PARKING VIOLATIONS BUREAU,　　　　　**AND SALE**
CONNOR DOE, SARA CHESTER, THOMAS
MARTIN AND BRIAN ROBIN,　　　　　　　**Foreclosure of:**
　　　　　　　　　　　　　　　　　　　　394 Graham Avenue
　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11211
　　　　　　　　　　　Defendants　　　　Block: 2750, Lot: 6
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

On the Summons in a Civil Action (the "Summons") and Verified Complaint (the "Complaint") filed herein on May 24, 2011; on the Notice of Pendency filed in the County Clerk's Office of Kings County on June 14, 2011; on the Declaration of Regularity in Support of Judgment of Foreclosure and Sale, the Declaration of Services Rendered and the Bill of Costs of Jerold C. Feuerstein, Esq., all dated November 11, 2013; on the Affidavit of Terry Brown in Support of Statement of Amount Due and Owing, the Senior Asset Manager of Eastern Savings Bank, fsb, sworn to on the 21st of November, 2013; on the Clerk's Entry of Defaults docketed on July 19, 2012, August 20, 2012 and September 6, 2012; on the Order of Kiyo A. Matsumoto, United States District Judge, entered on the electronic docket on August 16, 2012, granting summary judgment; on the Report and Recommendation (Dkt # 33) of the Hon. Victor V. Pohorelsky, U.S.M.J. and the Order Adopting Report and Recommendation (Dkt # 35) of the Hon. Kiyo A. Matsumoto, U.S.D.J., on the affidavits of service filed herein; and upon all of the proceedings had herein, the Court finds that:

This action was brought to foreclose on a residential Mortgage ("Mortgage") dated July 26, 2006 and recorded on August 29, 2006 under CRFN: 2006000488876 in the Office of the

1

City Register of the City of New York, County of Kings ("Register's Office") in the principal amount of $400,000.00 encumbering the property commonly known as **394 Graham Avenue, Brooklyn, NY 11211 (Block: 2750, Lot: 6)** ("Mortgaged Premises").

Defendants, FRANCIS RABITO, NEW YORK CITY PARKING VIOLATIONS BUREAU, CONNOR DOE, SARA CHESTER, THOMAS MARTIN and BRIAN ROBIN, herein have been duly served with copies of the Summons and Complaint and none of the defendants have answered, moved or appeared with respect thereto although the time for them to do so has expired and has not been extended by court order or otherwise; except defendant, Francis Rabito who filed a Verified Answer and Cross-Complaint ("Answer") on July 12, 2011, of which said Answer was stricken by the Court Order filed on August 16, 2012. None of the defendants are incompetent or absentee. Accordingly, the defendants, NEW YORK CITY PARKING VIOLATIONS BUREAU, CONNOR DOE, SARA CHESTER, THOMAS MARTIN and BRIAN ROBIN, are in default. As such, a default was entered against the aforementioned defendants' pursuant to the Clerk's Entry of Default docketed on July 19, 2012, August 20, 2012 and September 6, 2012.

The Notice of Pendency containing all of the particulars required by law has been duly filed as aforesaid.

The Mortgaged Premises should be sold in one parcel.

The amount computed by the Court to be due on the Note and Mortgage is **$591,032.10** as of October 15, 2013, the breakdown is as follows: principal sum in the amount of **$400,000.00,** plus accrued interest in the amount of **$144,064.10,** as of October 15, 2013, plus a negative escrow balance in the amount of **$39,669.24** for protective advances made by Eastern, plus accrued interest on the negative escrow balance in the amount of **$7,298.76,** in accordance

with Section 9 of the Mortgage, plus other charges expended by the plaintiff for costs in the amount of **$1,634.70,** plus legal fees in the amount of **$5,643.00** for a total sum of **$598,309.80** as of October 15, 2013.

Those defendants entitled thereto have received notice of this motion.

NOW, on application of plaintiff Eastern Savings Bank, fsb, it is

**ORDERED, ADJUDGED AND DECREED,** that pursuant to *Rule 54(b)* of the Federal Rules of Civil Procedure, "When an action presents more than one claim for relief...or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." No determination of delay being made herein; it is hereby further

**ORDERED AND ADJUDGED,** that the Mortgaged Premises described in **Schedule "A"** annexed hereto

Together with all right, title, and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said Mortgaged Premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to installed in, or used in connection with the Mortgaged Premises, all is more fully set forth in the aforementioned mortgage, be sold in one parcel as follows: **394 Graham Avenue, Brooklyn, NY 11211 (Block: 2750, Lot: 6)** at public auction to be held in the <u>**lobby of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201**</u>, by and under the direction of <u>**Charles L. Emma, Esq., 8410 Third Avenue, 2nd Floor, Brooklyn, New York 11209, Phone: (718) 232-3001**</u>, or his duly appointed designee, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of

said sale according to federal law and the practice of this Court by advertising in **The New York Post**; and that the plaintiff or an governmental agency or any other parties to this action may become the purchaser or purchasers at such sale, that the purchaser will be required to deposit with the Referee ten percent (10%) of the amount bid, in certified funds immediately upon the Referee's acceptance of the purchaser's bid for which a Referee's receipt will be given and that in case the plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon, that said Referee execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a party other than the plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said referee on receiving the proceeds of such sale shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer, rents or water rates which are or may become liens on the premises at the time of the auction sale with such interest or penalties which may have lawfully accrued thereon to the date of the auction sale bidders payment of the deposit, and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of sale in his/her own name as Referee **in any local banking institution insured by the FDIC** and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st    The sum of $1,500.00 to said Referee for his/her fees herein.

2nd    The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him/her to be correct, duplicate copies of which shall be left with said depository.

3rd     And also the sum of **$591,032.10** the amount computed by the Court and adjudged to plaintiff as aforesaid due on the Note and Mortgage, together with interest at the interest rate set forth in the Note ("Note Rate Interest") thereon pursuant to the terms of the Note from October 15, 2013, the date the interest was calculated to in said Statement, and thereafter with Note Rate Interest thereon through and after judgment is entered and then continuing with Note Rate Interest until the date of the transfer of the Referee's Deed, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same, plus costs in the amount of **$1,634.70** together with Note Rate Interest from the date the judgment is entered through the date of the transfer of the Referee's Deed; together with **$5,643.00** hereby awarded to the plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages of to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with Note Rate Interest thereon pursuant to the note and mortgage as above provided.

**ORDERED AND ADJUDGED,** that said Referee or his duly appointed designee shall take the receipt of plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. That said Referee or his duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the plaintiff or a governmental agency thereof is the purchaser of said Mortgaged Premises at said sale, or in the event that the rights of the purchaser at said sale and

the terms of sale under this judgment shall be assigned to and be acquired by plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee shall not require plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified above in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by plaintiff or such governmental agency, to the amounts due plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due plaintiff, plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the plaintiff shall recover from defendant, **FRANCIS RABITO**, the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the Mortgaged Premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within

the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after filing of the notice of the pendency of this action, be and hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said Mortgaged Premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that all New York City and New York State transfer taxes and deed stamps shall be borne by the successful purchaser at the foreclosure sale.

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale;

Said Mortgaged Premises commonly known as **394 Graham Avenue, Brooklyn, New York 11211 (Block: 2750, Lot: 6).** A description of the Mortgaged Premises is annexed hereto and made a part hereof as **Schedule A**.

Dated: Brooklyn, New York
      Oct 6, 2014

s/KAM

_____
KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK



**First American Title Insurance Company**

Title No.: **3060-350790**

## SCHEDULE A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Easterly side of Graham Avenue, distant 75 feet Southerly from the corner formed by the intersection of the Easterly side of Graham Avenue with the Southerly side of Jackson Street;

RUNNING THENCE Northerly along the Easterly side of Graham Avenue, 18 feet 9 inches to the center of a party wall;

THENCE Easterly through the center of said party wall and parallel with Jackson Street, 75 feet;

THENCE Southerly, parallel with Graham Avenue, 18 feet 9 inches; and

THENCE Westerly, parallel with Jackson Street, 75 feet to the point or place of BEGINNING.