**EDWARD H. ODESSER, LLC**
Attorneys-at-Law
81 Main Street - Suite 307
White Plains, New York 10601
(914) 997-8200
FAX (914) 898-0083
Internet-eholaw.com

EDWARD H. ODESSER
Email-odesser@eholaw.com

Of Counsel
Gary J. Langer

May 2, 2017

Via ECF
Hon. Kiyo A. Matsumoto, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East, Courtroom N6G
Brooklyn, New York 11201

    Re: Eastern Bank, fsb v. Rabito et al.
        Civil Action No.: 11-cv-02501-KAM

Dear Your Honor:

I am writing this letter on behalf of the defendant, borrower Francis Rabito, with the knowledge and cooperation of the Plaintiff, Eastern Savings Bank, fsb and its counsel. I was not counsel of record during the pendency of this proceeding, but have recently been requested by the Defendant to review the matter considering this Court's denial of the Plaintiff's motion made pursuant to Fed. R. Civ. P 60(b)(5) to vacate the judgment of foreclosure and sale. I am therefore filing simultaneously a formal substitution of counsel in order to give me standing to speak on behalf of the Defendant.

We are requesting that the Court reconsider its order of March 23, 2017denying Plaintiff's motion and to provide relief to the Defendant of the burden imposed by the outstanding judgment, which has impacted the marketability and value of the premises.

Not wanting to burden the Court I will briefly outline the salient facts for the Court's convenience. The Plaintiff commenced this action in May 2011 to foreclose upon a mortgage. In October 2014 this Court entered a judgment of foreclosure and sale against the Defendant. After the entry of the judgment in November 2014, the parties reached a forbearance agreement, which was subsequently modified by the parties in April 2015. Both the forbearance agreement and modified agreement were so ordered by the Court. Thereafter in November of 2016 the parties agreed to a further modification to provide that the arrearages would be deferred. The parties have memorialized this agreement and the Plaintiff has reinstated the existing mortgage. This loan is now carried as a current and performing obligation on the records of the Plaintiff.

Notwithstanding the current nature of the loan there is still outstanding the judgment of foreclosure and sale. The judgment casts a cloud upon Defendant's title which severely impacts the marketability and value of the property. Given the equitable nature of the action and the equitable relief afforded by the rule, we, both the Defendant, who in reality is the only one being

hurt by the outstanding judgment and the Plaintiff respectfully, request that the Court reconsider its decision denying the motion to vacate the judgment.

Thank you for your kind consideration of this request.

Respectfully submitted,

Edward H. Odesser, Esq. (EO7249)

c: Jerold C. Feuerstein, Esq. (via ECF)